# ROBERT B. LATHAM *et al.*

## *v.*

# MARY ROACH.

1. NEGLIGENCE—*in construction of structures on fair grounds.* Individuals who hold a fair, and erect structures for the use of their patrons, are liable for any injury such patrons may receive by the breaking down or falling of such structures, if caused by the negligent or unskillful manner of their construction, and their liability can not, in any manner, be affected by their giving to such fair the name of an old society.

2. FAIRS—*whether held by society or individuals, a question of fact.* Whether a fair held in the name of a society is held by such society or by individuals, is a question of fact to be determined by the jury.

3. INSTRUCTIONS—*objections to one may be obviated by others.* Even if there be doubt as to the proper construction of an instruction given on behalf of one party, yet, if the instruction given on behalf of the other party entirely remove such doubt, there is no error.

APPEAL from the Circuit Court of Macon county; the Hon. ARTHUR J. GALLAGHER, Judge, presiding.

Messrs. BEASON & BLINN, for the appellants.

Mr. WM. B. JONES, and Mr. L. WELDON, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action on the case, brought by appellee against appellants, to recover damages for injuries sustained by her in consequence of the falling of an amphitheatre during the holding of a fair in Logan county, in the fall of 1868. The cause was tried in the circuit court of Macon county, before a jury, and a verdict found in favor of appellee for $5000. A motion for a new trial was made and overruled, and judgment entered upon the verdict.

It is urged by appellants, that the evidence shows the fair was held by the Logan County Agricultural Society, and not by appellants as individuals, and a reversal of the judgment

is asked on the ground that the verdict is contrary to the testimony.

This was a question of fact purely for the consideration of the jury. The issue was fairly presented both by the evidence submitted and the instructions of the court, and it has been repeatedly held by this court, that the judgment will not be disturbed unless it is clearly in conflict with the weight of the evidence.

After a careful examination of the record upon this question, which was a vital one in the case, we can not say the verdict of the jury was clearly against the weight of the evidence.

It was in proof before the jury, that the Logan County Agricultural Society was incorporated in 1857; that fairs were held on grounds owned by the society for several years, the last being in 1861. In 1862, the grounds were used by the government, and occupied by soldiers. While thus occupied, the improvements were, to a great extent, destroyed. In 1867, the grounds were sold upon an execution on a judgment rendered against the society. The last election held by the society to elect officers was in 1861, at which time Evans was elected president. After this, it does not appear that any steps were taken by the society to keep up the organization. While it may be conceded that the corporation was in existence in 1868, yet the fact that, for seven years, it had done nothing to advance the objects for which it was organized, and permitted its grounds to be sold upon execution, would justly have great weight with the jury in arriving at the conclusion that the fair, in 1868, was not held by the old organization.

The evidence entirely fails to show that the Logan County Agricultural Society, as such. held the fair in 1868; on the contrary, it is very apparent that the defendants, without consulting the officers of the old society, purchased grounds and improved them at their own expense, with the bare exception of $150 worth of old material, that was taken from the old fair grounds and used on the new. The title to the land was taken in the name of one them. They employed mechanics

to construct the buildings, at their own expense, and, practically, the defendants held the fair.  True, they gave it the name of the old society, but the name under which the defendants chose to hold the fair could not, in any manner, change their liability or render any other person or corporation responsible for their acts.

It is insisted by appellants, that the court erred in giving one instruction for appellee, which reads as follows:

"If the jury believe, from the evidence, that the defendants were the proprietors of the said fair ground, and selected or adopted a plan for the building of said amphitheatre, including the quantity, size, quality and strength of the materials to be used, and that the amphitheatre was constructed upon such plan, and shall further believe, from the evidence, that the said structure was, in fact, weak, insufficient and dangerous to the lives or limbs of those who might go upon it, and that, before it was used by the visitors and patrons of said fair, the defendants, or any of them, were informed that it was weak, insufficient or dangerous, and did nothing to render it more secure, and, further. that said amphitheatre, or any part of it, did give away, break and fall in consequence of such weakness and insufficiency, and plaintiff, as a visitor and patron of said fair, without fault on her part, was injured in consequence thereof, such defendants should be held responsible to the plaintiff in damages."

The objection taken to this instruction, as we understand the position assumed, is, the declaration charges that the fair was held by appellants as individuals, and for their use and benefit, and the instruction does not fit the case made by the declaration.

A proprietor is defined to be, "An owner: the person who has the legal right or exclusive title to anything, whether in possession or not."   If, then. appellants were the owners, and constructed the amphitheatre, we do not think the instruction

could possibly mislead the jury, or otherwise do injustice to appellants.

But, even were there a doubt in regard to the proper construction to be placed on the instruction, the instructions given on behalf of appellants entirely remove it, one of which reads as follows :

"The jury are further instructed, that if they believe, from the evidence, that the fair in question was, in fact, held by the Logan County Agricultural Society, then the defendants are not rendered liable by the fact that they furnished money to buy land, to fit up the grounds, or to pay any expense whatever, if the jury believe, from the evidence, that defendants did furnish such money."

We do not think the giving of the instruction was error, or that it was calculated in the least to divert the attention of the jury from the issue involved in the case.

It is, however, claimed, that the damages are excessive. There was evidence submitted to the jury that tended to prove the injuries received are of a permanent character; that the plaintiff, since the injury, has not been free from pain ; that the injury received would probably end in paralysis. These facts were all before the jury, and were, no doubt, weighed by them before they arrived at the result reached. Although the damages are large, yet, under the circumstances of this case, as shown by the evidence, we do not regard the amount of the verdict so excessive as to justify an appellate court, for that reason alone, to reverse the judgment.

Under section 139 of the Practice Act of 1872, the court, at the request of appellants, instructed the jury to return a special verdict, in answer to two propositions. It is claimed, the jury did not regard these instructions. The record shows a special finding in answer to the two questions, and, although not signed by the jury, in the absence of proof we will presume the answers were prepared and returned by the jury.

It is not claimed, in this case, that the appellee, in any manner, by any negligent act or want of care on her part, contributed to the injury sustained, neither is it urged that the amphitheatre was constructed of such material and in such a manner as to be entirely safe.

In view of all the evidence, we are satisfied that substantial justice has been done, and the judgment will, therefore, be affirmed.

*Judgment affirmed.*