McMahon v. Sankey.

---

DANIEL McMAHON AND JOHN POWERS

v.

ROSE ANN SANKEY.

*Intoxicating Liquors—Sale—Variance—Death through Intoxication—Means of Support—Loss of by Wife—Damages—Evidence—Instructions—Practice—Special Interrogatories.*

1.  A variance between the declaration and the proof can not be primarily raised herein.

2.  A party encouraging the giving of an erroneous instruction can not be heard to complain thereof.

3.  In an action brought by a widow against a saloonkeeper and the owner of the building in which the same was located, for the recovery of damages alleged to have been suffered, through loss of her means of support, by reason of the death of her husband while under the influence of liquor purchased in said saloon, this court holds, that the fact that during his lifetime her minor children had contributed money toward her support cut no figure, it not appearing that such gifts, in addition to her husband's contributions, did more than support her in the manner to which she was entitled, with a view to her husband's condition in life.

4.  A trial court may properly refuse to submit special interrogatories to the jury, on the part of the defendant, when they were not shown to the counsel for the plaintiff until after the beginning of the argument to the jury.

[Opinion filed February 12, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. JULIUS S. GRINNELL, Judge, presiding.

Mr. M. P. BRADY, for appellants.

Messrs. S. K. DOW, THOMAS M. THOMPSON and ELMER E. BEACH, for appellee.

GARNETT, J.    The judgment appealed from was for appellee's loss of means of support, caused by the wrongful sale of intoxicating liquor to her husband, John Sankey, thereby producing his intoxication, by means of which he was fatally injured. At and before the time of the injury, McMahon was keeping a saloon in premises belonging to Powers, and was occupying the same as tenant of Powers, he permitting the occupation thereof with knowledge that McMahon intended to sell liquors therein.

Appellants claim that there is a material variance between the declaration and the proof as to the manner in which the injury happened, the declaration alleging that he fell from a street car and the wheel thereof ran over and crushed his leg,

while the evidence shows that he voluntarily left the car, and the wheel did not run over his leg, but crushed it against a platform on the viaduct where the car was then in motion. This point, however, does not appear to have been in any way brought to the attention of the trial court. If made in that court, it would doubtless have resulted in an amendment of the declaration, and it is now too late for appellants to take advantage thereof. City of Mattoon v. Fallin, 113 Ill. 249; Dulin v. Prince 124 Ill. 77.

The first instruction given for the plaintiff is this

"The court instructs the jury that if they believe from the evidence that the plaintiff has been injured in her means of support by the sale or gift of intoxicating liquors to said John Sankey by said Daniel McMahon, during the time charged in the declaration, and if the jury further believe that the conduct of said McMahon in this regard was wanton and in wilful disregard of plaintiff's rights, then the jury may give, in addition to the actual damage to her means of support which the jury may believe from the evidence, under the instruction of the court, plaintiff had sustained, such further sum as in their sound discretion the jury may believe will be an example to deter others in like circumstances."

That is said to be erroneous, as it authorizes a recovery although intoxication may not have been produced, or in the least influenced, by the liquor which McMahon sold to Sankey. The evidence of Sankey's intoxication at the time he was injured, and that it was produced by the liquor sold to him by McMahon, was ample to sustain the verdict, and as the fault of this instruction is the same as that found in the first instruction asked by and given for the defendants, the error is not available. A party who has encouraged the trial court to give an instruction wrong in principle can not be heard to complain of it. I. C. R. R. Co. v. Latimer, 128 Ill. 163; Willard v. Swanson, 22 Ill. App. 424.

The second branch of the instruction is supposed to submit to the jury the unrestricted privilege of arbitrarily determining what constituted a wanton and wilful disregard of the plaintiff's rights. The jury could scarcely have been led

astray by that expression.  It only related to exemplary dam-
ages, and if any further explanation as to her right to recover
such damages were needed, the third instruction given for the
defendants sufficiently guarded the interests of the defendants
in that respect.  It was not the case of two plainly contra-
dictory instructions, as in Ill. Linen Co. v. Hough, 91 Ill. 63,
Quinn v. Donovan, 85 Ill. 194, but like the case of Latham v.
Roach, 72 Ill. 179, and other similar cases, where there may
have been a doubt as to the proper construction to be placed
on the instruction for appellee, but those given for appellant
entirely removed the doubt.  The fifth instruction given for
the plaintiff was as follows:

" The court instructs the jury that there is a legal obligation
on the part of the husband to support his wife, and that this
right of support is not limited to supplying the bare neces-
saries of life, but includes comforts and whatever is suitable to
the wife's situation and the husband's condition in life, and
that whatever lessens or destroys her husband's ability to
supply her with suitable comforts, to that extent injures her
means of support, even though she is not thereby deprived of
the necessaries of life."

Appellants contend that the ruling is vicious in leaving the
jury to infer that they could give damages for the money
spent by Sankey at McMahon's saloon during the six months
preceding his death, although he may not have become intoxi-
cated.  There was no proof of the amount of money which
Sankey spent there for liquor, but it is fairly inferable from
all the evidence, that the whole sum spent during the six
months was comparatively trifling.  That the attention of the
jury was, by this instruction, directed to this feature of the
case, does not seem probable, and it certainly could not have
been without a total misunderstanding of the purposes of the
suit, as the case was presented to the jury on both sides,
on the theory that intoxication wrongfully produced by
McMahon's sale of liquors to Sankey was the cause of action.
What we have said about the explanation of plaintiff's first
instruction applies here also.  If there was any liability to
misunderstand the instruction in question, it was completely
removed by instructions given for the defendants which

McMahon v. Sankey.

pointed out the precise limits of plaintiff's right of recovery.

The sixth instruction requested by defendants, directed the jury that, "in considering the question of damages to plaintiff's means of support they should take into consideration any evidence, if any there be in the case, showing or tending to show that she was not entirely dependent on said John Sankey for her support."

The only evidence to warrant this charge was the admission of the plaintiff that her minor children, in her husband's lifetime, had at times contributed money toward her support. The earnings of the children were the property of her husband while he lived. Schouler's Domestic Relations, Sec. 252. The fact that they gave a part of them to their mother invested her with no legal right to any means of support in addition to her husband's earnings. But she was entitled to a support suitable to her husband's condition in life, and there is no evidence that the gifts of her children, in addition to her husband's power to earn money, would more than furnish such a support. If these combined means of support were no more than she was entitled to, surely the damages for the loss of the husband's contributions should not have been diminished by reason of the gifts of the children. This feature was entirely overlooked in the instruction as requested. We think there is no ground whatever for the criticisms of appellee's fourth instruction.

The court properly refused to submit special interrogatories to the jury, as they were not shown to the counsel for plaintiff until after the beginning of the argument to the jury. Sess. Laws, 1887, 185, Bradwell's Ed.

The verdict of the jury is conclusive on all the questions of fact, as the evidence on the material points in the case was of a conflicting nature, and the finding is not manifestly against the weight of the evidence, or the result of passion or prejudice. The judgment is affirmed.

*Judgment affirmed.*