## James H. Keeler v. Hiero B. Herr et al.

1. INTEREST—*Money Due on Writings.*—Money due on an instrument of writing bears interest.

2. INSTRUCTIONS—*When a Party Can Not Complain.*—A party can not complain of an instruction given on behalf of his adversary where a similar one has been given at his own request. If he has encouraged the court to give an instruction wrong in principle, he can not be heard to complain.

**Memorandum.**—Assumpsit. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Heard in this court at the March term, 1894, and affirmed. Opinion filed June 4, 1894.

FLOWER, SMITH & MUSGRAVE, attorneys for appellant.

GREGORY, BOOTH & HARLAN, attorneys for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellees built for, and under a written contract with, the appellant, 1,650 feet of dock along the Calumet river.

The work was completed November 21, 1890—except some posts omitted then by agreement, of the value of $150—and should have been then paid for in full; but though the whole amount was $11,812.50, only $2,000 was paid, and this suit is to recover the residue.

The appellant endeavored to prove defects in the work, and there was conflicting testimony upon that subject.

It is not denied that the verdict is final upon the facts.

The money being due on an "instrument of writing," bore interest.   Morris v. Wibaux, 47 Ill. App. 630.

The whole amount of the contract price unpaid, with interest, at the time of the trial, was about $11,370, and the verdict of the jury was $10,835, so that the jury must have allowed about $535 for defects in the work.   This statement makes it clear that the jury followed the instruction given at the request of the appellant, that "though the jury may believe, from the evidence, that there has been a substantial performance of the terms of the contract by the plaintiffs, yet, nevertheless, if the jury believe that the terms have not been fully complied with, the jury should allow to the defendant such sum or sums as, from the evidence, they may believe are reasonable and proper to enable the defendant to complete the dock in the manner stipulated for in the contract."

The appellant now complains of the use of the words "substantial performance" without explanation, in some of the instructions given for the appellees, but his own instruction is an answer to such complaint.

"A party can not complain of an instruction given on behalf of his adversary like one given at his own request." Springer v. City of Chicago, 135 Ill. 552.

"A party who has encouraged the trial court to give an instruction wrong in principle, can not be heard to complain of it."   McMahon v. Sankey, 35 Ill. App. 341.

The usual practice at a trial being that each party hands up to the judge such instructions as the party desires, it is quite natural that when the judge sees the same expression used by both, that he should not give much care to the language.

There is no error and the judgment is affirmed.