(No. 13683.—Judgment affirmed.)

The Auburn and Alton Coal Company, Plaintiff in Error, *vs.* The Industrial Commission *et al.*—(Hugh Pierce, Admr. Defendant in Error.)

*Opinion filed February 15, 1921—Rehearing denied April 7, 1921.*

1. Parent and child—*what is sufficient proof of emancipation.* To prove that a boy who is twenty years of age and who has been living away from home for a number of years has been emancipated and that the father is not under legal obligation to support him, it is sufficient to show that he has been supporting himself and that the father has not been contributing to his support.

2. Workmen's compensation—*parent is under legal obligation to support minor child in absence of proof of emancipation.* In a proceeding under the Compensation act by an administrator in behalf of a minor child of a deceased employee it must be held that the parent was under legal obligation to support the child unless the employer produces some evidence from which the Industrial Commission can reasonably find emancipation. (*Panther Creek Mines* v. *Industrial Com. ante,* p. 565, followed.)

Writ of Error to the Circuit Court of Sangamon county; the Hon. E. S. Smith, Judge, presiding.

T. W. Quinlan, for plaintiff in error.

Kerr, MacDonald & Murphy, for defendant in error.

Mr. Justice Thompson delivered the opinion of the court:

July 3, 1918, John P. Motley, an employee of plaintiff in error, died from injuries arising out of and in the course of his employment. He was a widower and left surviving him as his only heirs-at-law two sons,—Dixon, twenty-two years of age, and John, twenty years of age. John had resided in the State of Montana for six or eight years, during which time deceased was a resident of and employed in the State of Illinois. The Industrial Commission found

that the deceased was under legal obligation to support his minor son, John, and pursuant to the provision of paragraph (*a*) of section 7 of the Workmen's Compensation act awarded to the administrator the sum of $3500. This award was confirmed by the judgment of the circuit court of Sangamon county, and this writ of error is prosecuted to review that judgment.

The only question presented by this record is whether the mere fact of minority of a child imposes a legal obligation upon his parent to support him. So far as this record shows, this question is raised for the first time in this court. Two witnesses were examined before the arbitrator,—Walter D. Hoyt, deputy clerk of the probate court of Sangamon county, who produced the record showing proper administration of the estate of deceased, and Hugh Pierce, administrator of the estate of deceased, who testified that he was an uncle of deceased and who gave all the information in the record regarding the family of deceased. He was not asked and he did not say whether this minor son, John, was supporting himself or whether deceased was contributing to his support, or in what part of Montana he was living or why he was living there. For all that appears from the record he may have been an invalid and may have been living there at the direction and expense of deceased. There is not a word of testimony in this record from which it can be determined that this minor son was emancipated. Where, as in this case, it appears that a boy twenty years of age has lived in a distant State for six or eight years, proof that he had been supporting himself and that his father had not been contributing to his support would be sufficient to show that the son was emancipated and that the father was not under legal obligation to support him. Until the employer produces some evidence from which the Industrial Commission can reasonably find emancipation, it must be held,

under our Workmen's Compensation act, that a parent is under legal obligation to support his minor children.

Under authority of our holding in *Panther Creek Mines* v. *Industrial Com.* (*ante,* p. 565,) the judgment of the circuit court is affirmed.                    *Judgment affirmed.*