(No. 19041.—

THE PURITY BAKING COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(THE MILLIKIN TRUST COMPANY, Guardian, Defendant in Error.)

*Opinion filed April 20, 1929.*

Goodnow, Allaben & Snewind, (Max F. Allaben, of counsel,) for plaintiff in error.

Mills Bros. & Armstrong, (Thomas H. Armstrong, of counsel,) for defendant in error.

Mr. Justice Dietz delivered the opinion of the court:

This is a writ of error to review the order of the circuit court of Macon county confirming an award of the Industrial Commission under paragraph (a) of section 7 of the Workmen's Compensation act made to a fifteen-year-old girl on account of the death of her mother, resulting from accidential injuries received while employed by the petitioner. This section fixes the "amount of compensation which shall be paid for an injury to the employee resulting in death" where "the employee leaves any widow, child or children whom he was under legal obligations to support." (Cahill's Stat. 1927, p. 1225.) The child had always lived with its parents, whose earnings were substantially equal. For years the mother had supplied the child with its food and clothing and all of its other necessaries, except its home and an insignificant portion of its school expenses, which were furnished by the father.

The only contention of the petitioner necessary to be considered is that the mother was not under legal obligations to support her minor child. This is urged both on the ground of what is claimed to be the legal status of the mother, and also because the child had another source of support, arising from the legal obligations of the father. Neither reason sustains such contention.

It is true that at common law the legal status of the mother was such that she was not under legal obligations

to support her minor children where the father was alive and able to do so. The common law rule has been modified by a number of statutory provisions. One of these makes it a misdemeanor where either parent refuses "to provide for the support and maintenance of his or her child." (Cahill's Stat. 1927, chap. 38, sec. 2.) This expressly includes both parents. Another makes the "expenses of the family and of the education of the children * * * chargeable upon property of both husband and wife." (Cahill's Stat. 1927, chap. 68, sec. 15.) This includes expenses for all necessaries even though used exclusively by individual members of the family. (*Hyman* v. *Harding*, 162 Ill. 357.) A third requires that poor persons shall be supported by certain relatives, among which the mother is expressly included. (Cahill's Stat. 1927, chap. 107, sec. 1.) A fourth is: "The parents of a minor shall have equal powers, rights and duties concerning the minor." (Cahill's Stat. 1927, chap. 64, sec. 4.) Furthermore, the principal reason for the common law rule no longer exists. Under the common law all of the earnings and property of the wife belonged to the husband. Therefore it was only natural and proper that he should be the one primarily responsible for the support of the children, which has always been regarded as a natural obligation of both parents. Under such circumstances it would have been idle to place upon the wife obligations that could only be satisfied out of the property of the husband. However, since the wife has become emancipated and now possesses the full enjoyment of her property and earnings there is no longer any reason why she should not be held legally responsible for the support of her minor children equally with her husband. This is true particularly in view of the statutory provisions above mentioned.

However, we regard the precise question here as already determined by this court in two cases involving the

Workmen's Compensation act. One is *Auburn and Alton Coal Co.* v. *Industrial Com.* 296 Ill. 568, in which an award under paragraph (*a*) of section 7 made to a minor son on account of the death of his father was sustained. It was there said: "The only question presented by this record is whether the mere fact of minority of a child imposes a legal obligation upon his parent to support him. * * * Until the employer produces some evidence from which the Industrial Commission can reasonably find emancipation, it must be held, under our Workmen's Compensation act, that a parent is under legal obligation to support his minor children." The other case is *Metal Stamping Corp.* v. *Industrial Com.* 285 Ill. 528, where an award under paragraph (*b*) of section 7 to a father and mother on account of the death of their minor son was also sustained. There the son had turned over to his mother, from time to time during a period of four years, an aggregate amount which was less than that required for his maintenance, support and education. For that reason it was contended that the son had not actually contributed to the support of his parents. In denying this contention the court said: "It was the duty of the parents to support the deceased until he reached the age of majority."

The further argument of petitioner is that the child is not entitled to compensation for the death of its mother for the reason that it had through its father another source of support. The child was entitled to the support of both parents. It has been repeatedly held that the right to recover for the loss of one source is not affected by the existence of another source of support. *Deel* v. *Heiligenstein,* 244 Ill. 239; *McMahon* v. *Sankey,* 133 id. 636; *Hackett* v. *Smelsley,* 77 id. 109.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*