## FRANCES JONES CLOW, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 111241.   Promulgated April 14, 1943.

*Albert L. Hopkins, Esq.*, and *Harry D. Orr, Jr., Esq.*, for the petitioner.

*L. M. Pender, Esq.*, for the respondent.

OPINION.

LEECH, *Judge:* The principal contention of the respondent—and the one upon which we decide the issue—is that all of the income of the three trusts just mentioned was taxable to the petitioner as grantor of each trust, under section 167 (a) (1) and (a) (2) of the Revenue Act of 1938, upon the authority of *Helvering* v. *Stuart*, 317 U. S. 154 (decided Nov. 16, 1942, and modified by order of Dec. 14, 1942).

The Supreme Court, in considering similar provisions of an earlier statute as applied to an Illinois trust in the cited case, said:

* * * The applicable statute says, "Where any part of the income * * * may * * * be distributed to the grantor * * * then such part * * * shall be included in computing the net income of the grantor." Under such a provision the possibility of the use of the income to relieve the grantor, pro tanto, of his parental obligation is sufficient to bring the entire income of these trusts for minors within the rule of attribution laid down in *Douglas* v. *Willcuts.*

The premises of respondent's position thus are that Illinois law is controlling; under that law the beneficiaries of all three trusts throughout the taxable years were minors (sec. 1, ch. 4, Ill. Rev. Stat.,

1937) ; and, under that law, an equal obligation is imposed upon each parent to maintain, support, and educate their minor children.

Petitioner attacks only the last premise. She argues that such is not the law of Illinois, but that under that law the father is primarily obligated for the support, maintenance, and education of his minor children, so long as he is financially able to furnish the same, as he was here.

We agree with respondent. The law of Illinois, we think, was clearly enunciated in *Purity Baking Co.* v. *Industrial Commission*, 334 Ill. 586; 166 N. E. 33.[1] In that case the Industrial Commissioner of Illinois made an award under paragraph (a) of section I of the Workmen's Compensation Act of Illinois to a 15-year old girl on account of the death of her mother, resulting from accidental injuries received while employed by the company. The legislative provision mentioned, under which this action was brought, fixes the amount of compensation which shall be paid for an injury to the employee resulting in death, where "the employee leaves any widow, child or children whom he was under legal obligations to support." (Cahill's Stat., 1927, p. 1225.) The Illinois Supreme Court held that the child was entitled to compensation for the loss of her mother, even though the father was alive and able and willing to support the minor child. In so holding, the court said:

> The only contention of the petitioner necessary to be considered is that the mother was not under legal obligations to support her minor child. This is urged, both on the ground of what is claimed to be the legal status of the mother, and also because the child had another source of support, arising from the legal obligations of the father. Neither reason sustains such contention.
>
> It is true that at common law the legal status of the mother was such that she was not under legal obligations to support her minor children, where the father was alive and able to do so. The common-law rule has been modified by a number of statutory provisions. One of these makes it a misdemeanor where either parent refuses "to provide for the support and maintenance of his or her child." Cahill's Stat. 1927, c. 38, § 2. This expressly includes both parents. Another makes the "expenses of the family and of the education of the children * * * chargeable upon the property of both husband and wife." Cahill's Stat. 1927, c. 68, § 15. This includes expenses for all necessaries even though used exclusively by individual members of the family. *Hyman* v. *Harding*, 162 Ill. 357, 44 N. E. 754. A third requires that poor persons shall be supported by certain relatives, among which the mother is expressly included. Cahill's Stat. 1927, c. 107, § 1. A fourth is: "The parents of a minor child shall have equal powers, rights and duties concerning the minor." Cahill's Stat. 1927, c. 64, § 4.
>
> Furthermore, the principal reason for the common-law rule no longer exists. Under the common law all of the earnings and property of the wife belonged to the husband. Therefore it was only natural and proper that he should be the one primarily responsible for the support of the children, which has always been regarded as a natural obligation of both parents. Under such circum-

---

[1] The law of New York is contra. See *Lillian Newman,* 1 T. C. 921.

stances, it would have been idle to place upon the wife obligations that could only be satisfied out of the property of the husband. However, since the wife has become emancipated, and now possesses the full enjoyment of her property and earnings, there is no longer any reason why she should not be held legally responsible for the support of her minor children equally with her husband. This is true particularly in view of the statutory provisions above mentioned.

However, we regard the precise question here as already determined by this court in two cases involving the Workmen's Compensation Act. One is *Auburn & Alton Coal Co.* v. *Industrial Commission*, 296 Ill. 568, * * *. The other case is *Metal Stamping Corp.* v. *Industrial Commission*, 285 Ill. 528, * * *.

The further argument of petitioner is that the child is not entitled to compensation for the death of its mother for the reason that it had through its father another source of support. The child was entitled to the support of both parents. It has been repeatedly held that the right to recover for the loss of one source is not affected by the existence of another source of support. *Deel* v. *Heiligenstein*, 244 Ill. 239, 91 N. E. 429; *McMahon* v. *Sankey*, 133 Ill. 636; 24 N. E. 1027; *Hackett* v. *Smelsley*, 77 Ill. 109.

This precedent has been reiterated by the Illinois courts as recently as 1940 when, in *Hoover* v. *Hoover*, 307 Ill. App. 590; 30 N. E. (2d) 940, the court said:

* * * Under the established law of this state the support of minor children has always been regarded the natural obligation of both parents. At common law the father was held to be the one primarily responsible for the support of his children. Since the emancipation of the wife by law, however, she is held legally responsible for the support of their minor children equally with her husband. (*Purity Baking Co.* v. *Industrial Commission*, 334 Ill. 586, 166 N. E. 33), * * *

That the father was obligated and financially able to support his minor children does not discharge petitioner from her equal obligation, as their mother, to support them. Cf. *George A. Neracher*, 32 B. T. A. 236.

Since, under Illinois law, petitioner, as their mother, was obligated to maintain, support, and educate her three minor children throughout the taxable years, the decision of the Supreme Court in *Helvering* v. *Stuart*, *supra*, renders all the disputed trust income taxable to her, whether or not any of it was used for that purpose. See also *Lauretta Reeb Henrich*, 1 T. C. 219.

Petitioner argues that such a holding will result logically in the unconscionable and incongruous simultaneous taxing of the same income to the husband and to the wife. This suggestion is not impressive. The question here is limited to the taxability of the income of certain trusts to the grantor of those trusts. These trusts were created by petitioner with her property. She was the grantor of each of them. As such, she and she, alone, is taxable on the income therefrom. Sec. 167 (a) (1) and (a) (2), Revenue Act of 1938.

*Decision will be entered under Rule 50.*