K. A. AGA (MINA AGA, Administratrix, Substituted Plain-
tiff) v. L. HARBACH, Appellant.

**Master and Servant:** SUBSTITUTES: DUTY OF MASTER.   Where the
engineer of a manufacturing establishment employed a substi-
tute during his temporary absence, with the knowledge and con-
sent of his employer, the employer was charged with the same
duties toward the substitute as toward other employees, including
the duty to furnish him a safe place to work, and to warn him of
dangers incident to the employment which were not obvious or
known.

**Same:** NEGLIGENCE: EVIDENCE: SUBMISSION OF ISSUES. Where a servant temporarily employed as engineer was required to transfer a light bulb from one socket to another while about his work, and in so doing received an electric shock causing him serious and permanent injury, and the evidence showed that the insulation of the light wires was defective and they were liable to become charged with a dangerous voltage, which facts were known to the employer but the danger was not obvious to one not acquainted with the defects, submission of defendants negligence in failing to furnish the employee a safe place to work and in failing to warn him of the danger was proper.

**Negligence:** USE OF ELECTRICITY: SAFE PLACE TO WORK: DUTY TO WARN. It is the duty of an employer to adopt every practicable precaution to protect workmen against dangers incident to the use of electricity; and to warn them of possible dangers not obvious to those unacquainted with the dangerous conditions; and these rules apply not only to defects actually known to the employer, but to such as he should have known in the exercise of reasonable care.

**Same.** Although an electric lighting system was installed for an employer by a competent contractor the duty devolves upon him to keep it in repair, and if he allows it to become defective and dangerous he is negligent.

**Same:** CONTRIBUTORY NEGLIGENCE. Where an employer's negligence is such that without it an injury would not probably have resulted he is liable, although other causes contributed thereto; as where the electric light wires with which an employee was concerned in the performance of his duty were defective for lack of proper insulation, the fact that the transformer in charge of the light company was also defective and thus contributed to the employee's injury will not relieve the company from liability.

**Same:** INSTRUCTIONS. The instructions in the instant case relative to plaintiff's affirmative duty to establish defendants negligence, and respecting defendants affirmative defense of assumption of the risk, are held to be consistent and proper.

**Appeal:** AMENDED ABSTRACT: MOTION TO STRIKE. An amended abstract filed two months before submission of the appeal will not be stricken because not filed in time, where the motion was not made until after the appellee had prepared his argument based in part thereon, and after the record had been certified.

*Appeal from Polk District Court.*—HON. A. H. McVEY, Judge.

TUESDAY, SEPTEMBER 22, 1908.

REHEARING DENIED SATURDAY, DECEMBER 19, 1908.

ACTION to recover damages for personal injuries to the plaintiff, by whom the original action was brought, and for whom on his death his administratrix has been substituted; such injuries being alleged to have been occasioned by the negligence of the defendant, in whose employ he was at the time of receiving such injuries. There was a verdict for plaintiff, and, from the judgment rendered thereon, defendant appeals.—*Affirmed.*

*Ryan, Ryan & Ryan,* for appellant.

*Kelleher & O'Connor* and *Carr, Hewitt, Parker & Wright,* for appellee.

McCLAIN, J.—The facts as to the employment of the plaintiff by the defendant are quite fully stated in the opinion of this court on a former appeal in which a judgment on a directed verdict for defendant was reversed. See 127 Iowa, 144. The numerous questions presented for determination on this appeal by defendant from judgment on a verdict against him may be conveniently disposed of by considering the case with reference to the following questions: Was plaintiff an employee of the defendant in such sense that defendant owed him the duty of furnishing a safe place to work, and warning him of dangers not obvious? Was defendant's negligence in the discharge of these duties the proximate cause of plaintiff's injuries? And did plaintiff assume the risks of defects in the electric appliances, if any, by reason of which he received his injuries?

I. As to the employment of plaintiff by defendant, the evidence is substantially the same as on the former

trial, and little need be added to what was said in the

**1. MASTER AND SERVANT: substitutes: duty of master.** opinion on the former appeal. As pointed out in that opinion, plaintiff was secured by one Boehler, the engineer in charge of the machinery in the engine room of one of defendant's buildings, to act as his substitute in view of a proposed temporary absence, and this employment was under the authority and with the knowledge of defendant's superintendent having supervision of the general operations of the factory. The defendant was therefore charged with knowledge that plaintiff was entering into his employment to perform duties in the engine room, and defendant owed to him the same duty as he owed to any employee engaged for that purpose. *Wilson v. Sioux Consolidated Mining Co.,* 16 Utah, 392 (52 Pac. 626); *White v. San Antonio Waterworks Co.,* 9 Tex. Civ. App. 465 (29 S. W. 252). This duty involved furnishing to plaintiff a safe place to work and warning him of any dangers incident to the employment not obvious to the employee. That plaintiff was not charged with knowledge of dangers which were in fact known to Boehler, for whom he was substituted, and that duty to warn did not rest upon Boehler, but upon the defendant acting through his superintendent, was practically settled by what was said in the former opinion. *Aga v. Harbach,* 127 Iowa, 144.

II. There can be no serious controversy as to the negligence of defendant in failing to provide a safe place to work. In performing his duties about the machinery

**2. SAME: negligence: evidence: submission of issues.** in his charge, plaintiff was required to use an electric light at each of two places in the room in which he was employed. At each of these places was a socket connected by wires with the incandescent lighting system of the building. But only one bulb was provided, and it was necessary for plaintiff, as it had been the custom of his predecessor Boehler, to detach this bulb from one socket, and attach

it to the other from time to time as he required light at these different places. The brass portion of this bulb was not insulated, and the insulation was also worn off from the wires so that, when plaintiff took hold of the bulb to detach it from one socket to remove it to another, he was likely to receive a slight electric shock from the lighting current. So long as the current was that usual for supplying light by means of incandescent bulbs, there was no serious danger of injury, but the evidence tends to show that, when on one occasion plaintiff attempted to remove the bulb from the socket to which it was attached, a strong charge of electricity passed through his body, which so burned his flesh that he was most severely and permanently injured. As the evidence tends to show want of insulation on the brass part of the bulb and the wires, and, indeed, tends to show that the whole wiring of the room in which plaintiff was employed was defective and out of repair, and not provided with rosettes or small fuses, there can be no question of the sufficiency of the evidence of defendant's negligence to take the case to the jury if defendant was charged with knowledge that the defective condition of these appliances was likely to cáuse injury. It may be conceded that, so long as the lighting wires were charged with the usual voltage of not to exceed 110 volts, there was no danger of serious injury resulting from defects in insulation; but defendant was charged with knowledge that such electric lighting wires drawing electricity from a supply wire carrying an extremely dangerous current of one thousand volts, as in this case, may through defects in the transformer, or in other ways become charged with a much larger voltage than that which it was intended to carry, and reasonable care for the safety of employees made it the duty of defendant to protect the employees by proper insulation against such hazard.

The duty to adopt every practicable precaution

against the dangers incident to the use of electricity is too well settled by decisions of the courts to require an extended citation of authorities; but see, as particularly in point, *Moran v. Corliss Steam-Engine Co.*, 21 R. I. 386 (43 Atl. 874, 45 L. R. A. 267); *Voyer v. Dispatch Printing Co.*, 62 Minn. 393 (64 N. W. 1138); *Economy Light & Power Co. v. Hiller*, 203 Ill. 518 (68 N. E. 72); *Delahunt v. United Telephone & Telegraph Co.*, 215 Pa. 241 (64 Atl. 515, 114 Am. St. Rep. 958). It is shown by the evidence that defendant's superintendent had knowledge that the electric lighting appliances in the room where plaintiff was employed were defective, and that persons frequently received shocks while transferring the electric light bulb from one socket to the other, and it was therefore the duty of defendant at least to warn plaintiff of the possible danger involved in the operation. The danger was one not obvious to an employee unacquainted with the defects. Under these circumstances the duty to warn was manifest. *Vohs v. Shorthill*, 130 Iowa, 538; *Long v. Johnson County Telephone Co.*, 134 Iowa, 336; *Newbury v. Getchel & Martin Lumber & Mfg. Co.*, 100 Iowa, 441.

3. NEGLIGENCE: use of electricity: safe place to work: duty to warn.

It is also plain that the duty to provide a safe place to work, and that of giving warning as to dangers not obvious, involved the exercise of care on the part of defendant for plaintiff's safety, not only with reference to defects in the appliances of which defendant had actual knowledge, but also with reference to such defects as he should have known in the exercise of reasonable care for his employee's safety. The duty is affirmative. *Rice v. King Philip Mills*, 144 Mass. 229 (11 N. E. 101, 59 Am. Rep. 80); *Denver, etc., R. Co. v. Smock*, 23 Colo. 456 (48 Pac. 681). It is not material as bearing on the present inquiry that the electric lighting appliances were installed by a competent con-

4. SAME.

tractor.  They may have been sufficient when installed, but the duty to keep them in repair rested on defendant, and he was negligent if they were allowed to become out of repair and inefficient.  *Hoboken Land, etc., Co. v. United Elec. Co.,* 71 N. J. Law, 430 (58 Atl. 1082); *National Fire Ins. Co. v. Denver, etc., Elec. Co.,* 16 Colo. App. 86 (63 Pac. 949).  In *Martinek v. Swift,* 122 Iowa, 611, it appeared, not only that the connections were installed by the lighting company, but also that defendant was without fault in reference thereto.  The cases cited for appellant relating to the duty to take reasonable care for the safety of an employee after danger to him by reason of his own negligence has become apparent have no application to the present case.  The negligence of which plaintiff complains is the original negligence of the defendant in the discharge of his primary duty, and not negligence in discharging a duty subsequently arising after danger to the employee by reason of his own negligent acts has become apparent.

There was evidence for defendant that, soon after the accident, the transformer was found to have been recently burned out; and counsel for appellant insist that, under the instructions, the jury should have found plaintiff's injury to have been due to this cause, and not to the defective wiring, and should have returned a verdict for defendant, or that such a verdict should have been directed by the court.  The instruction of the court on this question was that, if the injury was due to defects in the wiring of the building, the defendant would be liable, even though the negligence of some other person might have contributed with that of defendant to bring about or produce the injury.  It appears that the transformer was in charge of the electric light company furnishing electricity for the lighting of defendant's building; but it does not follow that the defective condition or insufficiency of the transformer

5. SAME: contributory negligence.

was the proximate cause of the injury in such sense as to exclude liability of defendant for his negligence. As already indicated, it was the duty of defendant introducing a dangerous agency into his building to take every precaution practicable against injury resulting therefrom to his employees, and his negligence in furnishing appliances not properly insulated was the proximate cause of plaintiff's injury, even though if the transformer had worked properly and remained in good condition these defective appliances would not seriously have endangered plaintiff's safety. Where the negligence of defendant is such that without it injury would not probably have resulted, he is liable, although other causes contributed to the injury. *Grand Trunk Ry. Co. v. Cummings,* 106 U. S. 700 (1 Sup. Ct. 493, 27 L. Ed. 266); *Wagner v. Portland,* 40 Or. 389 (60 Pac. 985, 67 Pac. 300); *Fox v. Manchester,* 183 N. Y. 141 (75 N. E. 1116, 2 L. R. A. (N. S.) 474); *Fishburn v. Burlington & N. W. R. Co.,* 127 Iowa, 483.

The complaint that the court did not define "proximate cause" is without force. The term is in such general use that any intelligent person must have understood what was meant. If, under the circumstances, further definition was deemed important, some instruction on the subject should have been asked.

III. Conceding that the defendant by his answer raised an issue as to assumption of risk, we find no error with reference to the submission of that question to the jury. In one instruction the court told the jury that, to enable the plaintiff to recover, certain facts must be established, and that, if the jury failed to find a preponderance of the evidence in favor of the plaintiff on each of such propositions, the verdict must be for the defendant; but in another instruction the jury was specifically told that if plaintiff knew the place was unsafe, or could have known of its unsafety by the exercise of reasonable caution and prudence, and without in-

6. SAME: instructions.

forming the defendant of the fact, continued to work in the place notwithstanding such knowledge, then he assumed whatever risk there was by reason of the condition of the place, and could not recover. There was no inconsistency between these two instructions. One related to plaintiff's affirmative duty to establish defendant's liability to plaintiff, the other to an affirmative defense, which, if established, would relieve the defendant of liability. *Martin v. Des Moines Edison Light Co.,* 131 Iowa, 724. The question of assumption of risk was submitted under adequate instructions, and there was sufficient evidence to justify the finding that plaintiff did not know, and as a reasonably prudent man was not bound to know, of the danger involved in the defective appliances with which he was required to work. There was evidence that he was aware that a switch which had been originally introduced for the purpose of cutting off the current from the socket where the injury occurred was no longer in use; but, had there been proper insulation, this would have been immaterial. If he acted under the justifiable belief that the insulation was sufficient and the appliances otherwise safe he would not necessarily have been bound to switch off the current before removing the bulb from this socket.

A motion to strike appellee's amendment to the abstract because not filed in time is overruled. The amended abstract was filed two months before the time for submission, and no motion to strike was interposed until after appellee had prepared in part his argument based upon such amended abstract. There was also a certification of the record before any objection to the amended abstract was interposed. We think the motion was made too late, and that, in any event, no prejudice has resulted to appellant.

7. APPEAL: amended abstract: motion to strike.

The judgment is *affirmed.*