GARRETSON-GREESON LUMBER COMPANY *v.* GOZA.

Opinion delivered December 7, 1914.

1. APPEAL AND ERROR—INSTRUCTION—SPECIFIC OBJECTION.—An objection to the wording of an instruction which otherwise properly states the law of the case should be specifically made at the trial.

2. MASTER AND SERVANT—SAFE PLACE TO WORK.—A master is under the duty to furnish his servant with a safe place in which to work, and whether he has performed that duty is a question for the jury.

3. MASTER AND SERVANT—SAFE PLACE TO WORK.—Plaintiff, defendant's servant, was injured while working in defendant's saw mill, due to defective machinery; *held*, it was proper under the facts to instruct the jury on the issue of defendant's duty to furnish plaintiff a safe place in which to work, and not defendant's duty to warn plaintiff of danger.

4. MASTER AND SERVANT—DUTY OF CARE—LIABILITY FOR NEGLIGENCE.—A servant of defendant becoming sick, at the suggestion of defendant's manager, the servant hired plaintiff to do his work; *held*, the master owes to plaintiff the same duty of care as if he had been hired by defendant's manager, and any arrangement made between the two employees as to payment of wages to plaintiff does not affect defendant's liability.

5. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—QUESTION FOR JURY.—Plaintiff was injured while working in the course of his employment in defendant's saw mill. *Held*, under the evidence, it was a question for the jury, whether defendant was guilty of negligence, causing the injury.

Appeal from Union Circuit Court; *Charles W. Smith,* Judge; affirmed.

*Wynne & Harrison,* for appellants.

1. Plaintiff knew of the danger and risk and the mere fact of minority does not, of itself, create an absolute duty on the part of the employer to go through the form of instruction and warning, and is not liable for

failure to do so. 104 Ark. 499; 56 Ark. 232; 1 Labatt, Master and Servant, § 291. The minor assumes all ordinary risks known to him. 73 Ark. 49-56; 39 *Id.* 37; 40 N. E. 80; 43 Atl. 106; 32 N. E. 654.

2. Defendant owed plaintiff no greater duty than it would have owed to an adult. *Supra.*

3. It was error to instruct the jury as to extraneous issues or matters not raised by the proof. 74 Ark. 22; 88 *Id.* 38.

*Aylmer Flennekin* and *Neill C. Marsh,* for appellee.

1. The evidence shows that the minor did not appreciate the dangers incident to his work, and his youth and inexperience demanded warning and instruction. 56 Ark. 232; 104 *Id.* 499.

2. The evidence tended to establish (1) that defendant was negligent in providing a reasonably safe place to work and (2) in failing to warn a minor. *Ubi supra.*

HART, J. Ben H. Goza, by his next friend, E. B. Goza, instituted this action against the Garretson-Greeson Lumber Company to recover damages for injuries suffered by him on account of the alleged negligence of the defendant company. At the time of his injury the plaintiff was a minor eighteen years of age and was employed by the defendant to haul sawdust away from its mill, and to clean up around the boiler. Prior to that time he had worked at a sawmill for three weeks at the cut-off saw and, except for that, had never worked around a sawmill during his life. He was substituted for another employee on the morning of the day of his injury and was injured about 3 o'clock in the afternoon. His duties were to haul sawdust from behind the boiler and also from a place under the mill to which it had been conveyed and deposited by means of a trough. The sawdust was carried from the saw through a trough or box by means of an endless chain working over a sprocket wheel. The wheel was fastened to large blocks which were in turn fastened to upright posts, so that the en-

tire diameter of the wheel, which was about eighteen
inches or two feet, extended out beyond the posts. The
trough did not quite come to the wheel and the chain
dragged along the bottom of the trough.     When it
emerged therefrom it passed on over the sprocket wheel
into a trough leading back toward the saw.    The con-
veyor chain dragged loosely along the trough and by
that means carried the sawdust along with it. The saw-
dust was deposited in the space between the mouth of
the trough and the post where the conveyor chain passed
over the sprocket wheel.

One of the witnesses stated that when the chain
passed over the mouth of the trough and came up over
the sprocket wheel it had cogs on it which tightened up
and caused the chain to further sag or jump at the point
where it caught into the cogs of the sprocket wheel, and
that one side of the chain was very much worn, causing
it to run unevenly.

According to the testimony of Ben H. Goza, he would
first haul away a load of sawdust in a cart from behind
the boiler and would then go to the space between the
end of the trough and the sprocket wheel and carry away
a load of sawdust from there.    The sawdust accumu-
lated there very rapidly while he was carrying away the
sawdust from behind the boiler.   At the time he was in-
jured he was standing beside the face of the sprocket
wheel shoveling sawdust into the cart and stated that
this was the only way in which he could do the work. He
had noticed that when the chain left the end of the
trough and came up to fasten into the cogs of the
sprocket wheel, it tightened up and jumped. This caused
the chain to sag down.   In some manner, while he was
shoveling the sawdust into the cart, his arm got caught
in the space between the chain and the sprocket wheel and
he was severely injured. He stated that there was not
room enough for his arm to have caught in that space un-
less the chain tightened up and sagged down. He knew
that if his arm should be caught it would be injured, but
said that he was doing his work in the only practicable

way it could be done, and that he did not appreciate the danger from having his arm caught between the chain and sprocket wheel. He had not been warned or instructed that there was any danger in doing the work this way. He also stated that there were cogs on the sprocket wheel and that when the chain passed over the end of the trough and caught in these cogs it would tighten and then sag.

Evidence was adduced in behalf of the defendant tending to show that the sprocket wheel had no cogs on it and that the chain was carried over it by means of the friction of the chain passing over the wheel.

The jury returned a verdict in favor of the plaintiff in the sum of $1,250.00 and the defendant has appealed.

It is first contended by counsel for the defendant that the court erred in giving instruction No. 2, at the request of the plaintiff. The instruction is as follows:

"You are instructed that if you find from a preponderance of the evidence in this case, that the plaintiff while in the discharge of his duties as an employee of the defendant, and while exercising the care which a reasonably prudent man would have exercised under like circumstances, was injured by the negligence of the defendant in failing to exercise reasonable care to provide him a reasonably safe place in which to work and discharge the duties of his employment, and failed to exercise reasonable care in hooding or protecting the sprocket wheel complained of, then your verdict will be for the plaintiff."

(1) Counsel for the defendant insist that the instruction is erroneous because, they claim, it in effect assumes that the defendant was guilty of negligence in failing to hood or protect the sprocket wheel. We do not think the instruction is open to that objection; on the other hand, we are of the opinion that it left that open as a question of fact to be determined by the jury. If counsel for the defendant thought it susceptible of the construction now complained of, they should have made

a specific objection to the instruction on that ground. Then, doubtless, the court would have changed the wording of the instruction to meet their objection. It is apparent from all the instructions given by the court that this question was submitted to the jury as a question of fact. It will be noted that the sprocket wheel extended out eighteen inches or two feet beyond the post to which it was fastened and that there was no covering of any kind to protect an employee whose duty it was to shovel away the sawdust which accumulated near it. Goza testified that he placed his cart into which he was shoveling sawdust at the only place where he could perform his work and that he was standing in the only position in which he could stand and shovel the sawdust into the cart. The sprocket wheel was wholly unguarded and the plaintiff testified that it would have been guarded by nailing a piece of tin to the post to which it was fastened, and that the tin would not have in any way interfered with the operation of the chain over the sprocket wheel.

(2) This evidence on the part of the plaintiff was not denied, so that it will be seen that it was practicable to keep a guard over the cog wheel, and this simple and inexpensive device would have afforded complete protection to any one whose duty it was to carry away the sawdust. It was the duty of the defendant to exercise ordinary care to furnish a reasonably safe place for the protection of employees whose duty it was to haul away the sawdust, and we are of the opinion that under the circumstances the question of whether the defendant was negligent in failing to place a guard around the sprocket wheel was a question of fact for the jury, and that it was properly submitted to the jury.

It is also contended by counsel for the defendant that the court erred in refusing to give instruction No. 5, asked by it, the instruction being as follows:

"You are instructed that under the testimony in this case, the question of the defendant's negligence has narrowed down to one issue; that is, whether the defendant was negligent in not warning and instructing the plain-

tiff as to the dangers to be encountered by him in coming
in contact with the dust conveyor chain in question, and
whether such failure to so warn and instruct the plain-
tiff was the proximate cause of plaintiff's injury.''

(3) Counsel contends that this instruction should
have been given because the only question of negligence
was whether or not the defendant ought to have warned
or instructed Goza in regard to the dangers connected
with working near the sprocket wheel. We do not agree
with them in this contention. The evidence shows that
one side of the chain was worn and that this caused the
chain to work unevenly. It also shows that when the
chain left the mouth of the trough and passed over the
sprocket wheel it tightened up and jerked or sagged.
Jerking and sagging would, to some extent, occur in any
event, but, on account of one side of the chain being very
much worn, so that the chain passed unevenly over the
sprocket wheel it naturally caused the chain to sag more;
at least, the jury were warranted in finding this to be a
fact, and, on that account, it was proper to submit to the
jury the question of the negligence of the defendant in
failing to furnish Goza a safe place in which to work.

(4) Again it is insisted by counsel for the defend-
ant that it owed the plaintiff no greater duty than it
owed to Thompson, who hired plaintiff, as a substitute
in his place. Thompson was the regular employee whose
duty it was to remove the sawdust from under the mill,
and for this service and the use of a mule which he fur-
nished, he was paid $2.50 per day. On the morning of
the day plaintiff was injured, Thompson was sick and
asked that he be relieved from work. Hughes, the man
who employed him, pointed out the plaintiff and told
Thompson to hire him in his place and Thompson did
so. He says that when he hired a substitute to take his
place it was his custom to pay the substitute and the de-
fendant would pay him his regular wages. The manner
of this payment of plaintiff's wages did not in any way
change his relation to the defendant. He was hired by
Thompson at the suggestion of defendant's manager and

the defendant owed him the same duty as if its manager had employed him.

(5)   It is also earnestly insisted by counsel for the defendant that the court erred in not directing a verdict in its favor.   It is admitted that no warning or instruction was given Goza in regard to the danger of working near the sprocket wheel.   It was his duty to shovel sawdust away from that place and it accumulated so rapidly that it was necessary for him to give his whole time and attention to his work in order that he might keep it from accumulating to such an extent that it would retard the work of sawing.   The plaintiff was a youth, eighteen years of age, and had practically no experience in working around a saw mill, and no experience whatever in doing the work he was engaged to perform.   The end in view to be accomplished by instructions from the master is to make the servant aware of the danger and the means of avoiding it.   Goza says he knew, and he must be held to have known, that if his sleeve should get caught between the sprocket wheel and the chain his arm would be hurt.   But it is a different question whether he should be held to have understood and appreciated the risk that his arm or sleeve might be drawn in between the cog wheel and chain while he was at work.   Goza stated that there was not room enough for his arm to have been caught between the chain and the sprocket wheel unless the chain sagged to such an extent that his arm or his sleeve might be caught between them.   Of course, when the chain emerged from the mouth of the trough and passed over the sprocket wheel it would tighten up and jump to some extent, but the undisputed testimony shows that one side of the chain was very much worn so that the chain was uneven.   Naturally this had something to do with the sagging of the chain.   The jury might have found that the chain sagged to a greater extent because it passed unevenly over the cogs of the sprocket wheel.   Therefore we are of the opinion that the question whether the plaintiff had knowledge and appreciation of the danger were matters to be determined by the

jury from all the facts in the case, taking into consideration his youth and his inexperience in the work which he was performing and the character of the dangers attending it, and the failure of the defendant to give him any warning or instruction concerning them.

We think the case was fairly submitted to the jury under the well settled principles of law which this court has repeatedly held to apply under a similar state of facts. We find no prejudicial error in the record and the judgment will be affirmed.