Before STATE INDUSTRIAL BOARD, Respondent.
MARY SPANICK, Respondent, *v.* GUSSIE GLANTZ and Another, Appellants.

Third Department, May 8, 1924.

**Workmen's compensation — claimant and her husband were hired as janitors — husband was killed in course of employment — award of death benefits based on finding that nearly all compensation for work was paid to husband contrary to evidence.**

An award of death benefits for the death of claimant's husband is contrary to the evidence, where it appears that claimant and her husband were hired as janitors for an apartment house; that the claimant took care of the house during the day time and her husband worked as janitor in the evening, and that the award was based on the assumption that practically the entire compensation paid to the claimant and her husband for janitor work was paid to and earned

by the husband, whereas the evidence shows that the claimant performed at least one-half of the services and that her husband was not entitled to more than one-half the compensation.

Appeal by the defendants, Gussie Glantz and another, from an award of the State Industrial Board, made on the 18th day of July, 1923.

*Fred H. Rees [Jeremiah F. Connor* of counsel], for the appellants.

*Carl Sherman, Attorney-General [E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents. .

Per Curiam:

The claimant, Mary Spanick, and her husband, Frank Spanick, were employed as janitress and janitor of an apartment house. Mary Spanick attended to the furnace during the day, cleaned the halls, took out the garbage and collected rents from the tenants. Frank Spanick, during the day time, worked as a blacksmith, from which occupation he received forty dollars a week. In the evening he performed janitor services in the apartment. Frank Spanick and Mary Spanick received from these employers twenty-two dollars a month, the rent of an apartment therein, equivalent to thirty dollars a month, and free light, equivalent to two dollars a month. This would make a total wage of fifty-four dollars a month. For the death of Frank Spanick on February 10, 1923, as the result of an accident on January 11, 1923, in the course of his employment, the State Industrial Board has made allowances to Mary Spanick and her children on the basis of an average weekly wage paid to him of eleven dollars and twenty cents. It becomes apparent, therefore, that substantially all the compensation paid on account of the services of the two Spanicks was treated by the Industrial Board as paid to and earned by Frank Spanick. This is contrary to the proof. The evidence indicates that Mary Spanick was hired jointly with Frank Spanick; that she performed at least one-half of the services rendered; that she was entitled to at least one-half the compensation paid. For these reasons the award should be reversed and the claim remitted to the Industrial Board for further proof.

All concur.

Award reversed and matter remitted to the State Industrial Board, with costs against the said Board.