Before STATE INDUSTRIAL BOARD, Respondent.

MARY KAPLER, Respondent, v. CAMP TAGHCONIC, INC., and Another, Appellants.

Third Department, January 6, 1926.

**Workmen's compensation — award — weekly wage — employee was drowned while working as instructor at summer camp for children — exact duties not shown — State Industrial Board improperly considered wages received by decedent as instructor in college.**

The State Industrial Board in computing the average weekly wage of the decedent who, at the time of his death by drowning, was employed as an instructor at a summer camp for children, improperly took into consideration the amount

that deceased earned as an instructor in a college during the college year, since there was no evidence to show the exact duties of the decedent at the time of his death or whether those duties were the same as an instructor in a college. The true test is what the decedent could have earned annually, giving substantially the same kind of instruction he was giving at the camp in question.

Appeal by Camp Taghconic, Inc., and another from an award of the State Industrial Board, made on the 28th day of May, 1925.

*T. Carlyle Jones* [*William H. Foster* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

Cochrane, P. J. The weekly wage of the deceased employee has been computed on an improper basis. The employer was operating a summer camp for children. The employee was an instructor at such camp but it does not appear what kind of instruction he was giving. The Board has found that " while rounding up the children in the lake at his employer's plant, in order to get said children to go back to the shore, he drowned in the waters of said lake on July 14, 1924." He was spending his summer vacation at the camp. His mother testified : " He went away for the rest." He was to receive $150 and his maintenance, estimated at $50, for the season from June twenty-eighth to August thirtieth. During the preceding year he had been an instructor of psychology in the College of the City of New York at a salary of $1,000. The Board included this amount with the $200 he was to receive at the camp and computed his average weekly wage at $23.08. In *Gruber* v. *Kramer Amusement Corporation* (207 App. Div. 564) we said: " In computing the average weekly wages we are confined in all cases to earnings in the ' employment ' in which the claimant was injured, and may not consider earnings from work in some other kind of employment." In *McDonald* v. *Burden Iron Co.* (206 App. Div. 571) earnings of the claimant while working for other employers in the year preceding the accident were excluded from consideration in fixing his compensation because it did not appear that there was any similarity between such employments and that in which he was working at the time of the accident. In *Matter of Littler* v. *Fuller Co.* (223 N. Y. 369) it was said: " If the nature of the employment does not permit steady work during substantially the whole of the year the annual earning capacity of the injured employee in the employment is the proper basis of compensation." The true test is what could the employee have earned annually giving substantially the same kind of instruction he was giving at this camp in question. The record is silent on this point. We

are informed that he was to receive $200 for about two months at the camp. Perhaps the nature of this camp for children and the nature of his duties were such that it would have been impracticable for him to perform the same duties except during the summer months. If so $200 would " represent the annual earning capacity of the injured employee in the employment in which he was working at the time of the accident." (Workmen's Compensation Law, § 14, subd. 3.) However, the fact that this camp may have been operated only in the summer is not necessarily controlling. The expression " camp for children " is unimportant. The importance attaches to the nature of the instruction he was giving and what he might have earned annually in the same kind of employment, although not necessarily for the same employer. The Board was in error in giving consideration to the earnings of the employee as a college instructor. It should have ascertained his duties and work at this camp for children and determined his " annual earning capacity " in that employment and made its award accordingly.

The award should be reversed and the matter remitted, with costs against the State Industrial Board to abide the event.

All concur.

Award reversed and matter remitted, with costs against the State Industrial Board to abide the event.