**TEXAS INDEMNITY INS. CO. v. NOBLES et ux. (No. 7841.)**

Court of Civil Appeals of Texas. San Antonio. Nov. 9, 1927.

Rehearing Denied Jan. 4, 1928.

1. **Master and servant** ⬅️361—**Liability under Workmen's Compensation Act must be based on contract of employment either express or implied (Rev. St. 1925, art. 8309).**

Liability under Workmen's Compensation Act (Rev. St. 1925, art. 8309), providing that employee is person under contract of hire, express or implied, oral or written, must be based on contract.

2. **Master and servant** ⬅️361—**Boy driving truck voluntarily, without authorization or promise of remuneration, was "volunteer" and not "employee" within statute (Rev. St. 1925, art. 8309).**

Boy who voluntarily assumed driving of truck of own free will, without authorization or any express or implied promise of remuneration, was a "volunteer," not an "employee," within meaning of Rev. St. 1925, art. 8309, and his parents were not entitled to compensation for death occurring while performing service.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Employé; Volunteer.]

Appeal from District Court, Mason County; J. H. McLean, Judge.

Action by the Texas Indemnity Insurance Company against Julius Nobles and wife to cancel and annul an award of the Industrial Accident Board for death of their son, assumed by the board to be an employee of the Magnolia Petroleum Company, which had secured liability insurance from plaintiff. Judgment for the defendants, and plaintiff appeals. Reversed with directions.

Wood & Wood, of Granger, and Wilcox & Graves, of Georgetown, for appellant.

King & York, of Austin, and G. N. Brubaker, of Llano, for appellees.

FLY, C. J. Appellant, as plaintiff in the trial court, brought an action against Julius Nobles and wife to cancel and annul a decision and award made by the Industrial Accident Board of Texas, on June 10, 1926, which allowed appellees compensation for the death of their son, Lee Nobles, who lost his life at a time when, as assumed by the board, he was an employee of the Magnolia Petroleum Company, which had secured liability insurance from appellant, as provided in the Workmen's Compensation Law (Rev. St. 1925, arts. 8306–8309); the claim of appellant being that deceased was not an employee of the Magnolia Petroleum Company at the time of his death. The case was tried by jury, and upon their answers to special issues submitted, as well as findings of fact made by the court, judgment was rendered in favor of appellees for $2,500, which was apportioned by the court.

The controlling issue in the case was as to whether Lee Nobles at the time of his death was an employee of the Magnolia Petroleum Company, and incidental thereto was the issue as to whether Clyde Buttery employed Lee Nobles, and whether, at the time he employed the deceased, he was an agent of the Magnolia Petroleum Company and authorized to employ persons to serve said company. A defense was that Buttery was not the agent of the company, but was an independent contractor working for the company.

The jury found that Buttery was not an independent contractor for the sale of the company's gasoline and other products but was an agent of the company, and as such agent had authority to employ others to assist him; further, that at the time of the injury of Lee Nobles, which resulted in death, he was an employee of the petroleum company, acting under Clyde Buttery. The jury found that at the time of the injury Lee Nobles would have been earning $10 a week, and that it would entail no hardship on appellant to pay a "lump sum" to appellees. The court supplemented the verdict of the jury by finding appellees were the parents and only bene-

ficiaries of the insurance under the Compensation Law, and further reiterated the finding of the jury that deceased when injured was an employee of the Magnolia Petroleum Company, and that said company had a policy of insurance in appellant company, which was in full force and effect when Lee Nobles lost his life. Many other things are found in regard to the law, not necessary to be mentioned.

The boy was killed while driving a truck belonging to Clyde Buttery, in which he was conveying oil and gas from Llano to Mason. The evidence shows that Buttery was an agent for the Magnolia Petroleum Company, selling its products of gasoline and oil under its direction. The company named the towns in which sales were to take place, and passed on all credit accounts. Buttery swore that he did not handle the business in his own way but as directed by the company. He did not hire Lee Nobles on the day he was killed, but knew that he was driving one of the trucks and made no objection to such service. Lee Nobles had worked for him on one occasion before. The testimony fails to show that Buttery had authority from the Magnolia Petroleum Company to employ men to drive the trucks, and Buttery paid the drivers out of the commissions he received for delivering the products. The company furnished the oil and gasoline, and for a certain commission Buttery delivered the products to customers. Janner, the employee of Buttery, had no authority to employ any one. No one hired Lee Nobles on the day he met his death, but it was at his request that Janner, with the knowledge of Buttery, permitted him to drive the loaded truck to Mason. Lee Nobles volunteered to drive the truck in order to get Janner to go hunting with him in the next day or two. Lee Nobles was employed in the hardware store of E. H. Qualls in Llano, and with the consent of Qualls he employed a boy to take his place in the store, so that he might drive the truck to Llano. The arrangement was made without the knowledge or consent of Buttery, who knew nothing of it until he saw Lee Nobles on the truck about to start to Llano. Lee Nobles was not paid anything by Buttery or any one else to drive the truck. He volunteered to drive in order to have Janner go deer hunting with him. He was not employed by Buttery or Janner. Janner was not in the employment of the Magnolia Petroleum Company, but was employed and paid by Buttery. He swore:

"I get my orders from Clyde Buttery; I report to Clyde Buttery. At no time does any one else give me any orders as to the conduct of the business except Clyde Buttery. The Magnolia Petroleum Company has never given me any orders."

The evidence fails to establish the relation of employer and employee between the Magnolia Petroleum Company and Lee Nobles. Neither that company, nor any one authorized by it, employed Lee Nobles, and, if Buttery by his silence when he saw the boy leaving on the truck for Llano became liable as an employer, that did not affect in any manner the liability of the company. He had no authority to employ any one for the company, but only employed persons on his own responsibility and paid them out of the commissions earned by him. Buttery had an agency to sell and deliver oil and gasoline for the company, and it was not contracted, nor contemplated, that the company should hire or pay for any help he might need in carrying out his contract. Buttery had no authority, either express or implied, to employ persons to assist him in delivering the products of the company.

[1] The liability of the Magnolia Petroleum Company must be based upon a contract, either express or implied, of employment. There can be no employers' liability under the law without there is a contract of employment. Rev. Stats. 1925, art. 8309. Under that act an employee is:

"Every person in the service of another under any contract of hire, expressed or implied, oral or written, except masters of or seamen on vessels engaged in interstate or foreign commerce, and except one whose employment is not in the usual course of trade, business, profession or occupation of his employer."

[2] Under the terms of that definition, Lee Nobles could not have been an employee. He had assumed the driving of the truck of his own free will, without any express or implied promise of remuneration. He was a "volunteer," and neither he nor his parents were entitled to compensation for injuries received while performing the gratuitous services. He was not working for the company under a "contract of hire" of any description, and consequently could not be an employee under the Workmen's Compensation Act. Texas Employers' Ins. Association v. Tabor (Tex. Com. App.) 283 S. W. 779.

There being no evidence showing that Lee Nobles was an employee of the Magnolia Petroleum Company within the terms of the Workmen's Compensation Act, the judgment is reversed, and it is the order of this court that the award of the Industrial Accident Board be set aside, and that appellees take nothing and pay all costs in this behalf expended.