(No. 5920.  April 18, 1933.)

M. E. LARSON, Widower, and DAVID W. LARSON, Minor Son, Appellants, v. INDEPENDENT SCHOOL DISTRICT No. 11J OF KING HILL, IDAHO, Employer, and STATE INSURANCE FUND, Surety, Respondents.

[22 Pac. (2d) 299.]

A. F. James, for Appellants.

P. B. Carter, for Respondents.

GIVENS, J.—Appellant M. E. Larson was employed under a written contract June 12, 1931, by respondent Independent School District No. 11J of Elmore county, to do janitor work in the school building at King Hill at $70 a month. Though not specified in the written contract, appellant and his family were furnished, in addition to the $70 per month, with living quarters in the school building, light, heat, water and such accommodations.

From the beginning of the rendition of services as janitor commencing August 1, 1931, until November 14, 1931, ap-

pellant Larson was assisted by his wife Hilda C. Larson, on which latter date Mrs. Larson was killed by falling or slipping, and striking her head on a mop bucket she was using on one of the floors in the lunch-room in the school building.

This appeal is here from a judgment reversing an award in favor of the minor son, David W. Larson, made by the Industrial Accident Board.

Though M. E. Larson, the widower, sought compensation, it was denied both by the board and the trial court.

There are only two questions herein: first, whether Mrs. Larson was an employee of the school district, and second, whether David W. Larson, the son, about eleven years old at the time of the accident, was a dependent under the statute entitled to compensation.

From the record it is apparently conceded that if Mrs. Larson was an employee of the school district, responsive insurance was carried by the school district with the State Fund.

Respondent's position rests on the written contract of employment, which does not mention Mrs. Larson, and was solely between the school district and M. E. Larson, and the payroll report, which, so far as pertinent herein, is as follows:

"State of Idaho

"State Insurance Fund

"Payroll Report

"King Hill Idaho July 7

"Employer Bertha Simpkins Clerk Elmore & Owyhee County Jt. S. D. #11

"City King Hill, Idaho

"The following is a true statement of the entire remuneration of (our) (my) employes, for the period stated below, including the value of board, lodging, fuel and other advantages received by employes as a part of their pay, and including the amount earned by all employes, whether paid on a Time, Piece or Commission basis.

"Actual payroll of Employer from July 1, 1930, to July 1, 1931 . . . .

"Code No. 9014.

"Description of Work . . . . Janitors

"Average No. of Employes 1.

"Actual Payroll, etc., $1200.00.

.    .    .    .    .    .    .    .    .    .    .

"Below is estimate of Payroll from July 1, 1931, to July 1, 1932 . . . . Code No. 9014 (which evidently is the code number for janitors).

"$840.00."

On the back of the document under "Detail of Payroll by Pay Days" under Code No. 9014, appears $70 per month from July 31st to June 30th.

Two of the members of the school board testified that there was no contract with anyone other than M. E. Larson.

██ In opposition, there is, first, the inconsistency in the payroll itself, which required the payroll to include the value of board, etc., furnished the employee, which it did not do, naming only $70 per month, since the evidence was without conflict in showing that Larson received in addition to $70 per month, the living and housing accommodations above noted, and compensation may be in other things than money. (*Gabel v. Industrial Acc. Com.*, 83 Cal. App. 122, 256 Pac. 564.)

The school board filed with the Industrial Accident Board November 23, 1931, a report as of November 20, 1931, and a second report was filed November 30th, dated November 28th, as follows:

"To the Industrial Accident Board and to the State Insurance Fund.

"Nov. 20, 1931.

"Please take notice that on the afternoon of November 14, 1931, at King Hill, Idaho, one Hilda Larson, was acci-. dentally killed while doing janitor work for the King Hill Independent School District 11J; that at said time she was an employee of said school district and of the school board of

said district and had been since the 1st day of July, 1931; that since said date she had been in the employ of the undersigned school district and was in the employ of the undersigned school district at the time of her death; that at the time of her death the said Hilda Larson was classified as janitor, your manual 9014, covered by policy No. 1566A; we shall be glad to submit to you any required or more detailed report upon being furnished with the proper forms for the same.

"INDEPENDENT SCHOOL DISTRICT No. 11J OF ELMORE COUNTY, STATE OF IDAHO,

"By W. C. BALLOU,

"Chairman of the Board of Said School District and

"BERTHA SIMPKINS,

"Clerk of Said Board.

"Filed Nov. 23, 1931."

"Employers' Notice of Death of Employee.

"Instructions.

"Blank should be filled out in duplicate. Mail original to Industrial Accident Board, Boise, Idaho, and duplicate to surety.

"To Industrial Accident Board, Boise, Idaho.

"Employer, Place and Time.

"Name of Deceased: Hilda Larson.

"(a) Employer's name: King Hill Independent School District No. 11J.

"(b) Office Address: Street and No. ——. City or Village: King Hill, Elmore County, State of Idaho.

"(c) Business (Goods produced, work done, or kind of trade or transportation): Public School.

"(d) Insured by State Insurance Fund.

"(e) Location of plant or place of work where accident occurred if not at office address: King Hill, Idaho.

"(f) Did accident happen on premises? Yes. If at mine, was it underground, surface or shaft? ——.

"(g) Street and No. ——. City or Village: King Hill. County: Elmore, State of Idaho.

"(h) Date on which accident occurred: Nov. 14, 1931. Time: 4 P. M.

"(i) Date of Death: Nov. 14, 1931, 4 P. M.

"Occupation.

"(j) Occupation when injured: Janitor. In what department or branch of work? ——. Was this regular occupation? Yes.

"(k) Wages, or average earning per day: $35 per month plus room, heat and light.

"(l) Working hours per day: 16. Working days per week: 6.

"Cause.

"(m) Name of machine, tool, or appliance in connection with which accident occurred: Slop bucket.

"(n) Describe in full how accident happened at the time of the accident: The deceased was scrubbing the floor in the school lunch room in the basement of the school house, slipped on the floor, her head striking the slop bucket, killing her instantly.

"Nature and Extent of Injury.

"(o) State exactly part of person injured and nature of accident: Injured in the head resulting in death.

"Medical and Burial.

"(p) Attending physician or hospital where sent—Name and address: Dr. J. W. Davis, Glenns Ferry, Idaho.

"(q) Name of undertaker: Mr. Goodman. Address: Rupert, Ida.

"Dependents.

"(r) Give names and addresses of relatives and dependents if known.

| "Names. | Relationship. | Address. |
| --- | --- | --- |
| "M. E. Larson. | Husband. | King Hill, Idaho. |
| "David W. Larson. | Son. | King Hill, Idaho. |

"Signed by King Hill Independent School District 11J.

"W. C. BALLOU.

"Date of this Report, November 28, 1931.

"Filed Nov. 30, 1931."

The testimony of Mr. Larson further shows that Mrs. Larson worked about eight hours every day doing janitor work in the school building, and that the board told him it was necessary for him to have his wife there to help with the work.

Mr. Sherman, superintendent of the King Hill Schools, testified that he had seen Mrs. Larson doing work such as washing windows, cleaning up around the rooms, and doing work in general that could be classed as janitor work, and that he had seen her thus working at nights.

Mr. Ballou, a member of the school board at the time Mr. Larson was employed, testified as follows:

"Q. I will ask you whether or not after the execution of the contract in question the board informed Mr. Larson that it would be expected that his wife would assist in that work? . . . . A. Yes.

"Q. And what did the board tell him in reference to that matter?   A. That it would be necessary for him to have his wife there to help him."

Mr. Ballou also testified that he knew that Mr. Larson was suffering with an eczema of his hands, which made it difficult for him to do all the janitor work, and this condition was considered in employing him and considering that Mrs. Larson would necessarily assist him, and that the wife of a former janitor had been required by the board to do janitor work, and that the services of a woman were necessary in the janitor work.

Mr. Fricke, a member of the school board, testified that he had seen Mrs. Larson do janitor work in the school building.

Mr. Hansen testified to the same effect.

While the authorities are not without conflict, there is a well-established rule at common law to the effect that where one is requested by an employee to assist in doing such employee's work in the furtherance of the business of the master, and such assistant does such work with the knowledge and acquiescence of the employer, such assistant thereby becomes in effect an employee, and entitled to all

rights, privileges and safeguards of an employee. (*Garretson-Greeson Lumber Co. v. Goza*, 116 Ark. 277, 172 S. W. 825; *Paducah Box etc. Co. v. Parker*, 143 Ky. 607, 136 S. W. 1012, 43 L. R. A., N. S., 179; *Neill Co. v. Rumpf*, 148 Ky. 810, 147 S. W. 910, L. R. A. 1917C, 1199; *Eldridge v. Citizens' Ry. Co.*, (Tex. Civ. App.) 169 S. W. 375; *Foose v. Waverly Coal Co.*, (Mo. App.) 239 S. W. 874; *Aga v. Harback*, 140 Iowa, 606, 117 N. W. 669; *Hitchcock v. Arctic Creamery Co.*, 170 Iowa, 352, 150 N. W. 727; *Kali Inla Coal Co. v. Ghinelli*, 55 Okl. 289, 155 Pac. 606; *Baynes v. Billings*, 30 R. I. 53, 73 Atl. 625; *Perkins v. Spray Wood & Coal Co.*, 189 N. C. 602, 127 S. E. 677; *Southland Cotton Oil Co. v. Renshaw*, 148 Okl. 107, 299 Pac. 425.)

■ The definition of an employee or workman at common law is applicable in determining who is an employee or workman under Workmen's Compensation Acts. (*Employers' Liability Assur. Corp. v. Industrial Acc. Com.*, 179 Cal. 432, 177 Pac. 273; *Los Angeles County v. Industrial Acc. Com.*, 123 Cal. App. 12, 11 Pac. (2d) 434; *Kackel v. Serviss*, 180 App. Div. 54, 167 N. Y. Supp. 348; *Kelley's Dependents v. Hoosac Lumber Co.*, 95 Vt. 50, 113 Atl. 818; *Stricker v. Industrial Commission*, 55 Utah, 603, 188 Pac. 849, 19 A. L. R. 1159.)

■ If services are rendered by one hired by the employee to assist him, with knowledge of the employer, he is considered an employee. (*Great Atlantic & Pac. Tea Co. v. Hattle*, 205 Wis. 7, 236 N. W. 575; *National Film Service v. Industrial Commission*, 206 Wis. 12, 238 N. W. 904, 80 A. L. R. 519.)

It is not necessary that control be exercised, if the right of control exists, which the record shows it in effect did in the case at bar. (*Becker v. Industrial Acc. Com.*, 212 Cal. 526, 298 Pac. 979.)

■ There is ample evidence herein to justify the conclusion that Mrs. Larson was, as stated by the school board in its report, an employee. (*Beeman v. Georgia Cas. Co.*, (Tex. Com. App.) 41 S. W. (2d) 39; *Midland Coal Min. Co.*

v. *Rodden*, 184 Ark. 157, 41 S. W. (2d) 777; *Armour & Co.
v. Young*, 237 Ky. 444, 35 S. W. (2d) 906; *El Paso Laundry
Co. v. Gonzales*, (Tex. Civ. App.) 36 S. W. (2d) 793, where
the court held if the employer knew the party was perform-
ing work for the benefit of the employer, and acquiesced
in such work, the employer could not disclaim him as an
employee; *City of Sheboygan v. Traute*, 202 Wis. 420, 232
N. W. 871; *Clark v. White*, 197 Wis. 597, 222 N. W. 823,
where a nephew helped his uncle; *Schullo v. Village of
Nashwauk*, 166 Minn. 186, 207 N. W. 621, where a father
helped his son; *Callahan v. Harm*, 98 Cal. App. 568, 277
Pac. 529; *Bloss v. Pure Oil Co.*, 133 Misc. 486, 232 N. Y.
Supp. 332; *Maxson v. J. I. Case Thresh. Co.*, 81 Neb. 546,
116 N. W. 281, 16 L. R. A., N. S., 963; *Kali Inla Coal Co.
v. Ghinelli, supra; Aga v. Harback, supra;* 18 R. C. L.,
p. 577, sec. 83; 39 C. J., pp. 267–269; 27 Cal. Jur., p. 280,
sec. 19; 1 Schneider's Workmen's Compensation Law, p. 204,
sec. 22.)

Other authorities to the contrary are distinguishable: *In
re Humphrey*, 127 Mass. 166, 116 N. E. 412, L. R. A. 1918F,
193, holds that where the wife was working for her husband,
she was not an employee, in view of a statute forbidding a
married woman to make a contract with her husband.

*Parker v. Wilson*, 179 Ala. 361, 60 So. 150, 43 L. R. A.,
N. S., 87. Here the son driving his father's automobile was
held to have the mere permissive use thereof for his own
business or pleasure, and therefore was not an employee.

In *Curry v. Addoms*, 166 App. Div. 433, 151 N. Y. Supp.
1017, 168 App. Div. 925, 152 N. Y. Supp. 1106, the injured
party had been employed by the employer's servant without
knowledge or consent of the employer.

*Caldwell v. Crozier*, 100 Okl. 175, 228 Pac. 974. One
assisted the servant without the employer's knowledge, and
since it was not emergency employment, the employer was
not liable.

*Hogan v. State Industrial Com.*, 86 Okl. 161, 207 Pac. 303.
The injured party volunteered to help the employee with-
out the knowledge of the employer.

*Susznik v. Alger Logging Co.*, 76 Or. 189, 147 Pac. 922, Ann. Cas. 1917C, 700, a fairly early decision under the Workmen's Compensation Act, is hopelessly out of line with recent authorities construing the questions involved herein.

*Coulombe v. Horne Coal Co.*, 275 Mass. 226, 175 N. E. 631. Here the injured parties were mere invitees, the employee had no ostensible authority to ask them to assist, and no emergency existed to justify the employee in calling for their assistance.

In *Supornick v. Supornick*, 175 Minn. 579, 222 N. W. 275, the party was a mere volunteer for a brief and uncompensated service, and thus not an employee.

*El Reno Broom Co. v. Roberts*, 138 Okl. 235, 281 Pac. 273. The injured person had been laid off, and was injured several days later when returning to see about work.

*Texas Indem. Ins. Co. v. Nobles*, (Tex. Civ. App.) 1 S. W. (2d) 451. A boy driving a truck of his own free will, without authorization or remuneration, was held a mere volunteer and not an employee.

*Johnson v. City of Albia*, 203 Iowa, 1171, 212 N. W. 419. Engineer who returned for tools after he had quit employment, and voluntarily assisted new engineer, held not employee, since it was "casual employment" under the statute.

*Henry Quellmalz Lumber Co. v. Hays*, 173 Ark. 43, 291 S. W. 982, where no emergency existed, and employee had no authority to call for aid, the third party held a mere volunteer.

*Minarcsik v. Blank*, 102 N. J. L. 231, 132 Atl. 251. One hired by employee without employer's knowledge or consent is not an employee.

The statement in *Carlson v. Industrial Acc. Com.*, 213 Cal. 287, 2 Pac. (2d) 151, 152, is a correct statement of the principles governing herein.

" 'Where the parties to a written contract of employment *by mutual consent inferred from their subsequent conduct*, have modified their contract and have acted upon it as thus modified, it is valid, in the modified form, to the extent

and during the period it was so acted upon and carried out. As between a third party and either party to the contract, such change or modification unquestionably could be shown by parol. In an action between a party to a contract and a third party, the rule that parol evidence cannot be received to contradict or vary a written contract does not apply as the estoppel on which the rule rests must be mutual, and, since the third person is not bound by the contract as written, neither is his adversary in the action. . . . . Accordingly, it has been held that, in an action of this character, while, *prima facie,* the relation of the parties to a written contract of employment is that which is expressed by the terms of their writing, nevertheless, in order to determine their true relation, such contract should be considered in view, not only of the *circumstances under which it was made,* but of *the conduct of the parties while the work is being performed.'* ",

which conclusion is in line with the theory of *Hansen v. Rainbow Min. & Mill. Co.,* 52 Ida. 543, 17 Pac. (2d) 335.

██ Under the statute, sec. 43–1102, I. C. A.:

"The following persons, and they only, shall be deemed dependents and entitled to compensation under the provi sions of this act:

"A child if under eighteen years of age, or incapable of self-support and unmarried, whether actually dependent upon the deceased or not. . . . . ",

a minor child is a dependent of the parent, and the authorities amply sustain the conclusion that the minor child herein is entitled to compensation for the death of his mother. (*Nordmark v. Indian Queen Hotel Co.,* 104 Pa. Super. Ct. 139, 159 Atl. 200; *Purity Baking Co. v. Industrial Commission,* 334 Ill. 586, 166 N. E. 33.) One of the reasons for the decision in the latter case was a statute similar to sec. 17–1901, I. C. A., making it a misdemeanor for any person to wilfully omit to furnish necessary food, etc., for his or her children. Furthermore, under sec. 31–1003, I. C. A., as

construed in *State v. Beslin*, 19 Ida. 185, 112 Pac. 1053, a mother is liable for the support of a minor child.

Section 43–1106, I. C. A., provides a minimum compensation for death of $6 per week unless the employee has been receiving wages less than $6 per week; then the compensation shall not exceed such wages. By its report of November 28, 1931, the employer herein fixed (k) Mrs. Larson's salary at $35 per month "plus room, heat and light"; hence on this basis she was receiving more than the minimum wage essential to an award of at least $6 per week, as was made by the board (sec. 43–1118, I. C. A.) and the evidence of the work actually performed by Mrs. Larson and the wages paid by the school district, coupled with the above statement by the employer, justified the award of the board (*Northern Redwood Lumber Co. v. Industrial Acc. Com.*, 34 Cal. App. 2, 166 Pac. 828; *Kapler v. Camp Taghconic*, 215 App. Div. 51, 213 N. Y. Supp. 160), and to disregard Mrs. Larson's share in the earnings paid by the school district for the janitor services would be unwarranted. (*Spanick v. Glantz*, 209 App. Div. 255, 205 N. Y. Supp. 229.)

The judgment is reversed, and the cause remanded with instructions to revive the award in favor of appellant, David W. Larson, and the award for funeral expenses, which was properly allowed under sec. 43–1101, I. C. A., which procedure is in accordance with *Cooper v. Independent Transfer & Storage Co.*, 52 Ida. 747, 19 Pac. (2d) 1057, 1060.

Attention is called to the fact that the transcript does not conform to Rule 19, in that the names of the witnesses are not on the bottom of the pages. Transcripts on appeal from the Industrial Accident Board, as other transcripts do, should comply with this rule. Costs to appellants.

Morgan, Holden and Wernette, JJ., and Sutphen, D. J., concur.

Petition for rehearing denied.