In the Matter of the Claim of THOMAS E. LICKONA, Respondent, v. NEW YORK STATE DEPARTMENT OF MENTAL HYGIENE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— GIBSON, P. J. Appeal from a decision which awarded compensation for disability resulting from accidental injuries sustained in the course of claimant's employment as a power plant helper in Hudson River State Hospital, the only issue being as to rate.

Claimant commenced work on July 11, 1966 and was injured two days later. The employer paid his full wages of $194.99 biweekly until September 21, 1966, on which date he was still totally disabled, when he resigned to resume his studies as a graduate student at State University at Albany, where he had been awarded a fellowship. He testified that if he had not been granted the fellowship he would have continued in employment of some kind, and that during the preceding year, when he had been a student at the same university, he had been employed at teaching, for 15 to 18 hours per week, under the supervision of a professor. On the parties' stipulation that "the similar worker would earn ninety-seven fifty a week", which was also claimant's wage rate during the period he was paid, the board adopted the $194.99 biweekly wage as the basis for its finding of an average weekly wage of $97.50, made pursuant to subdivision 2 of section 14 of the Workmen's Compensation Law, providing that if the injured employee shall not have worked in the employment in which he was working when injured during substantially the whole of the year immediately preceding his injury "his average annual earnings * * * if a five-day worker [shall consist of] two hundred and sixty times the average daily wage or salary, which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place shall have earned in such employment during the days when so employed." Appellants contend that subdivision 3 of section 14 should have been employed, on the ground that "claimant was a seasonal worker, because he was hired for the Summer, and was not engaged in similar work during the rest of the year." Employment in a State hospital power plant is not a seasonal or temporary occupation, obviously, and as appellants on the hearing before the board panel indeed conceded; and if subdivision 2 could "reasonably and fairly be applied" (§ 14, subd. 3), there is no requirement therein that *claimant* be employed "in the same or in a similar employment" for substantially all of the preceding year, the requirement being, rather, that the wage scale utilized be that of "*an employee of the same class* working substantially the whole of such immediately preceding year" (§ 14, subd. 2, italics supplied). The record amply supports the finding, implicit in the board's utilization of subdivision 2, rather than subdivision 3, that claimant was not a seasonal worker, in that he was employed the preceding year while attending the university and would have worked the succeeding year had he not obtained a fellowship. Hence, subdivision 2 was "reasonably and fairly * * * applied". (*Kapler* v. *Camp Taghconic*, 215 App. Div. 51; *Matter of Batal* v. *Mayersohn*, 11 A D 2d 857; and see *Matter of Greene* v. *Sproat*, 18 A D 2d 420, 423, mot. for lv. to app. den. 13 N Y 2d 596.) Appellants' additional contention that "in the absence of a payroll of a similar worker, the Board's finding is based on speculation and is in error, even if granted that the applicability of subdivision 2 is proper" cannot be sustained in the face of appellants' clear and unequivocal stipulation before the board panel, for purposes of subdivision 2 liability, "that the similar worker would earn ninety-seven fifty a week". Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.